UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Christin POWERS, | Case No.: 26-cv-2999-AGS-GC |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2), DENYING MOTION FOR APPOINTED COUNSEL (ECF 3), AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| THE VOLKSWAGEN GROUP, | |
| Defendant. | |

Plaintiff Christin Powers, proceeding without an attorney, is suing The Volkswagen Group for allegedly repossessing her car. She also requests to proceed *in forma pauperis*, that is, without paying the court's filing fees. And she wants an appointed attorney. As explained below, her IFP application is granted. But her complaint does not survive mandatory screening, and her request for counsel fails.

## DISCUSSION

**A.    IFP Application and Request to Appoint Counsel**

Parties instituting civil actions in United States district courts must pay $405 in filing fees. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). But plaintiffs granted the right to proceed IFP need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Powers's application states that she receives only "2,040" dollars a month in alimony payments, has less than a dollar cash on hand, savings of less than five dollars, and otherwise owns only the repossessed Volkswagen Atlas which she still owes "~$15,000" on. (ECF 2, at 1–3.) She totals monthly expenses at more than her monthly income. (*Id.* at 4–5.) She also estimates potential payouts on some of her other pending suits, but so far none of those have yielded returns. (*Id.* at 3.) Regardless, paying the filing fee would result in an undue hardship on plaintiff, and as "a party need not be completely destitute to

1

proceed IFP," the motion is granted. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021).

Once a plaintiff has been granted IFP status, the Court may, "under exceptional circumstances" appoint counsel under 28 U.S.C. § 1915(e)(1). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist," this court must weigh "the likelihood of success on the merits"  and the plaintiff's ability "to articulate" her claims "in light of the complexity of the legal issues involved." *Id.* (cleaned up). As we shall see shortly, currently Powers has no likelihood of success. And thus far she's sufficiently articulated her claims so that the Court understands her relatively straightforward claim. So, she does not currently meet the exceptional circumstances threshold, and her request for counsel must be denied.

**B.      Screening and Dismissal**

The IFP statute "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Powers seeks "'control' of VW through ownership of VW as CEO or private ownership" due to its repossession of her "vehicle in Palm Beach, Florida in 2025." (ECF 1, at 2.) Her complaint does not address jurisdiction or suggest what statute she seeks to recover through, although the civil cover sheet attached to her complaint asserts she brings the suit as  "civil right deprivation under 42 U.S.C. [§] 1983." (ECF 1-1, at 1.) But a "§ 1983 plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). "[P]rivate parties" like defendant Volkswagen Group, "are not generally acting under color of state law." *See Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Powers's complaint is silent on how

26-cv-2999-AGS-GC

Volkswagen Group was allegedly acting under the color of state law.

So, the complaint is dismissed without prejudice and with leave to amend to correct the deficiencies. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (holding "a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations").

## CONCLUSION

Thus, the Court orders as follows:

1.    Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the filing fee is waived.

2.    Plaintiff's complaint is **DISMISSED** with leave to amend.

3.    By **June 26, 2026**, plaintiff must file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If plaintiff fails to timely amend, the Court will enter a final order dismissing this civil action.

4.    Plaintiff's motion for appointment of counsel is denied.

Dated:  May 18, 2026

_____

Andrew G. Schopler
United States District Judge

3

26-cv-2999-AGS-GC